# In the United States Court of Federal Claims

| | |
|---|---|
| ANNE F. DAY,<br><br>                       *Plaintiff,*<br><br>    v.<br><br>THE UNITED STATES,<br><br>                      *Defendant.* | No. 24-2088<br>(Filed May 20, 2025) |

Lindsay S.C. Brinton, Lewis Rice LLC, St. Louis, MO, for plaintiff.

David A. Harrington, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting the Government's Motion to Dismiss and Dismissing Without Prejudice**

Anne F. Day seeks just compensation and reimbursement of attorneys' fees and litigation expenses from the United States for an alleged Fifth Amendment taking of her property. The government moves to dismiss Ms. Day's complaint for failure to state a claim, arguing that the complaint does not identify the property that was allegedly taken. Because the complaint does not meet this court's minimum pleading standards, the court will grant the government's motion to dismiss and will dismiss the complaint without prejudice.

**I.**     **Background**

Norfolk Southern Railway Company held a railroad easement over a rail corridor. ECF No. 1 at 2 [¶3]. The corridor extended about thirty-one miles, across Henderson and Polk counties in North Carolina and Greenville and Spartanburg counties in South Carolina. *Id.* In October 2024,

1

Norfolk Southern filed a notice with the Surface Transportation Board, seeking authorization to abandon its right-of-way. *Id.* at 2 [¶4]. In December 2024, the Saluda Grade Trails Conservancy requested a Notice of Interim Trail Use or Abandonment, expressing interest in negotiating a trail use agreement for the corridor to ultimately convert the rail corridor to a trail. *Id.* at 2 [¶5]; ECF No. 1-3. The board granted the conservancy's request, issuing the interim notice under the National Trails System Act, 16 U.S.C. § 1247(d), and 49 C.F.R. § 1152.29. ECF No. 1 at 2 [¶6]; ECF No. 1-4.

Ms. Day filed a complaint in this court on the day the board issued the interim notice. ECF No. 1 at 1. She alleges that the government, through the board, effected a Fifth Amendment taking of her property. ECF No. 1 at 5 [¶18]. Ms. Day alleges that she owns a piece of land adjacent to Norfolk Southern's former railroad right-of-way. *Id.* at 4 [¶15]. She states that her property "includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking." *Id.* She does not specify the address, parcel number, or even county in which her property sits. *See* ECF No. 1. She does not specify which state—North Carolina or South Carolina—her property is in, but she calls herself a "North Carolina owner," implying that the relevant property is in North Carolina. *Id.* at 4 [¶16].

Ms. Day seeks just compensation and reimbursement of attorneys' fees and litigation expenses under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c). *Id.* at 5 [¶¶20-21]. The government moves to dismiss.

## II.   Discussion

The government moves to dismiss Ms. Day's complaint under rule 12(b)(6) of the Rules of the Court of Federal Claims (RCFC), arguing that the complaint fails to state a claim because, in violation of RCFC 8, she did not identify her property by address, parcel number, or county. ECF No. 8 at 1-2, 4-5. The government argues that Ms. Day's omission deprives the government

of fair notice and impedes its ability to investigate her claim. *Id.* at 4-5. The government notes that it requested by email that Ms. Day amend her complaint before the government filed this motion, but Ms. Day chose not to. *Id.* at 2. Ms. Day responds that RCFC 8 does not require her to include a parcel number or street address at the pleading stage and that her allegations provide sufficient notice by identifying the property as "adjacent to" the corridor at issue and subject to Norfolk Southern's notice. ECF No. 9 at 1-9.

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act grants the court "jurisdiction to render judgment upon any claim against the United States founded ... upon the Constitution." 28 U.S.C. § 1491(a)(1). Because takings claims are "founded upon the Constitution," they are "within the jurisdiction of the Court of [Federal] Claims to hear and determine." *Knick v. Township of Scott*, 588 U.S. 180, 190 (2019) (quotation marks omitted).

To allege a taking, a plaintiff must establish (1) that she held a property interest at the time of the alleged taking and (2) that the government's actions amounted to a compensable taking of that property interest. *American Pelagic Fishing Co. v. United States*, 379 F.3d 1363, 1372 (Fed. Cir. 2004); *see also Preseault v. United States*, 100 F.3d 1525, 1533 (Fed. Cir. 1996) (en banc) (explaining that the first issue in rails-to-trails cases is who owned the land when the alleged taking occurred). The court determines the parties' property ownership under the law of the state in which the property sits "by analyzing the original deeds that conveyed the property" to the plaintiff. *Chicago Coating Co., LLC v. United States*, 892 F.3d 1164, 1167 (Fed. Cir. 2018); *see Castillo v. United States*, 952 F.3d 1311, 1319 (Fed. Cir. 2020).

On a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the court must accept well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To be well-pleaded, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 545 (2007)). While the court's rule "does not require detailed factual allegations … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (cleaned up). "A complaint must be dismissed under Rule 12(b)(6) when the facts asserted do not give rise to a legal remedy, or do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citing *Lindsay*, 295 F.3d at 1257; *Iqbal*, 556 U.S. at 679). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," sufficient to "nudge[] [her] claims across the line from conceivable to plausible" to avoid dismissal. *Twombly*, 550 U.S. at 570.

    **A.**    **Ms. Day fails to state a takings claim with sufficient specificity**

To plausibly allege a taking, Ms. Day must plead that she held a cognizable property interest at the time of the alleged taking and that the government's actions amounted to a taking of that interest. *American Pelagic Fishing*, 379 F.3d at 1372. Ms. Day's complaint must comply with this court's rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2). It must also comply with this court's rule 9, which requires that, "[i]n pleading a claim for just compensation under the Fifth Amendment of the United States Constitution, a party must identify the specific property interest alleged to have been taken by the United States." RCFC 9(i).

Ms. Day's complaint does neither. It states that she owns land "adjacent to the former railroad right-of-way" and that her property "includes but is not limited to the land under the former

4

railroad right-of-way." ECF No. 1 at 4 [¶15]. Ms. Day does not clarify whether her alleged property includes a portion of the right-of-way or merely abuts it, and she fails to provide any identifying information such as a parcel number, land description, address, county, or even the state in which her alleged property is located. *See generally* ECF No. 1. The government argues that the omission of identifying information makes it almost impossible for the government to determine whether Ms. Day owns a compensable property interest and whether the board's action affected that interest. ECF No. 8 at 4-5. While that argument is a little overstated, because Ms. Day has already disclosed to the government what property she owns, the government is correct that this court's rules require that information to be in the record, in the complaint itself.

Ms. Day, relying on *Schell & Kampeter, Inc. v. United States*, 159 Fed. Cl. 829 (2022), argues that she is not required to identify in her complaint the property she alleges was taken. ECF No. 9 at 5-9. She is incorrect, both under binding Supreme Court authority and under this court's cases. This court's rule 8, which parallels rule 8 of the Federal Rules of Civil Procedure, "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Ms. Day's allegations "must be enough to raise a right to relief above the speculative level" and must "nudge[] [her] claims across the line from conceivable to plausible." *Id.* at 555, 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* To allege a taking, a party must show that she owns property. *American Pelagic Fishing*, 379 F.3d at 1372. Thus, while Ms. Day is correct that notice pleading is all that is required, which requires only facial plausibility (ECF No. 9 at 3), there is no way for the court to know whether Ms. Day has alleged a facially

5

plausible claim without her providing some specific information about where her property is. And the complaint certainly does not "identify the specific property interest" as required by RCFC 9(i).

In *Schell*, the plaintiffs identified land in Miller County, Missouri, and provided the county tax parcel numbers for at least three specific parcels alleged to be affected by the taking. 159 Fed. Cl. at 830-31. After the statute of limitations expired, the plaintiffs sought to amend their complaint to add more parcels that had not been named in the original complaint. *Id*. The court observed that the plaintiffs' original "allegations easily satisfy the notice pleading requirements of Rule 8" and explained that the proposed amendment that would include the omitted parcel numbers was "unnecessary" because the initial complaint already met the rules' requirements. *Id.* at 831. In contrast, Ms. Day provides only a general reference to a "31.3-mile segment of rail corridor" spanning "four counties in two states" (ECF No. 1 at 2 [¶3]) and declines to identify any parcel numbers or provide clarifying details (ECF No. 9). The court's order in *Cumming v. United States*, No. 24-1550, ECF No. 17 (Fed. Cl. Apr. 23, 2025), which Ms. Day cites as additional authority (ECF No. 11), relies exclusively on *Schell*. Because the complaint in *Schell* identified specific parcels, those cases are distinguishable, and regardless, neither is binding.

Ms. Day cites *Dobyns v. United States*, 91 Fed. Cl. 412 (2010), in addition to *Schell* and *Cumming*, to argue that she does not need to identify her specific property at the pleading stage because discovery is the appropriate mechanism for providing that information. ECF No. 9 at 6-7 n.5; *see Schell*, 159 Fed. Cl. at 832; *Cumming*, No. 24-1550, ECF No. 17 at 1. And she argues that she does not want to disclose her property in her complaint for fear of being wrong and having the government try, as it tried (unsuccessfully) in *Schell*, to avoid liability based on mistakes in the complaint. ECF No. 9 at 8-9 & n.7. But discovery is for learning information that the opposing side has, not for learning information in a plaintiff's own possession, and as discussed below, it

6

does not take the place of a plaintiff's required pre-suit investigation. The plaintiff in *Dobyns* did not fail to identify the basic facts underlying his claim. Instead, the court in *Dobyns* explained that "discovery, as the name implies, serves more than to verify facts already known (and pled). Rather, … [t]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." 91 Fed. Cl. at 426. Here, Ms. Day concedes that she knows the location of her own property and even provided it to the government in initial disclosures, but she chooses not to include that information in her complaint. ECF No. 9 at 8-9. That conflicts with the requirements of rule 8 and with the Supreme Court's interpretation of a plaintiff's pleading obligations in *Iqbal* and *Twombly*. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 545. And discovery, which happens after an answer has been filed, cannot take the place of an adequate complaint. *See Iqbal*, 556 U.S. at 678-79.

      The Federal Circuit has also explained that a plaintiff has an obligation under RCFC 11 to conduct a pre-suit investigation to avoid "baseless filings, which abuse the judicial system and burden courts and parties with needless expense and delay." *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997). The court of appeals stressed that "Rule 11 is not about after-the-fact investigation"; it imposes a "duty of reasonable inquiry" at the point of filing a complaint. *Id.* at 785. That duty includes the obligation to allege, based on a reasonable investigation, facts sufficient to support the claim at the time the complaint is filed. *Id.* at 784-85. Ms. Day apparently has those facts in her possession, but she has not alleged them.

      In the context of intellectual property, which has analogues to real property, the Federal Circuit has elaborated on the pleading requirements under *Iqbal* and *Twombly*. The Federal Circuit explained that a complaint must include "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp.*

*of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (citing *Iqbal* and *Twombly*). Thus, a plaintiff in a patent case must plead, under *Iqbal* and *Twombly*, not only the particular patent that it accuses the defendant of infringing, but a particular patent claim. A patent claim is analogous to a description of a parcel of property. *Motion Picture Patents Co. v. Universal Film Manufacturing Co.*, 243 U.S. 502, 510 (1917) (likening a patent claim to the description of real property in a deed "which sets the bounds to the grant which it contains"). No court would allow a plaintiff to allege patent infringement without saying what patent she owns. Likewise, Ms. Day has not met that standard for pleading and has not described her property at all, and her complaint does not demonstrate an adequate pre-suit investigation. *See Preseault* 100 F.3d at 1533 (One of the "determinative issues" in rails-to-trails cases "is who owned the strips of land involved."); *see also Barclay v. United States*, 443 F.3d 1368, 1372, 1378 (Fed. Cir. 2006) (assessing the statute of limitations based on the complaint's having identified the relevant property interests with sufficient specificity).

    The deficiencies in Ms. Day's complaint also cannot be remedied by her initial disclosures in discovery. As the government notes (ECF No. 8 at 7; ECF No. 10 at 5), initial disclosures can be amended throughout the litigation, so they provide a moving target. Further, as the government explains (ECF No. 8 at 5), it needs to locate the property to be able to answer the complaint. Providing information about the location of property is not providing the government with a "procedural sword" (ECF No. 9 at 8-9). It is allowing the government to investigate the plaintiff's allegations before undertaking litigation. Under *Iqbal*, allowing initial disclosures to substitute for a sufficient complaint would "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 678-79.

    Ms. Day notes, in a footnote, that when this court has previously found takings complaints inadequate, it determined that the proper remedy was to order a more definite statement rather than

dismissing the complaint. ECF No. 9 at 8 n.6 (citing *Baxter Brothers v. United States*, No. 19-428, ECF No. 47 (Fed. Cl. Dec. 19, 2024)). Ms. Day does not request to amend her complaint or provide a more definite statement as alternative relief. But even if she had, Ms. Day offers no explanation for her decision not to amend the complaint after the government requested clarification by email or after the government filed its motion here, other than to essentially state, You can't make me. ECF No. 8 at 2; ECF No. 9 at 8. In *Baxter*, unlike here, the plaintiffs promptly amended their complaint once the government identified the complaint's deficiencies in a motion to dismiss. *See Baxter*, No. 19-428, ECF No. 11. The situation here is more comparable to that in *Angelly v. United States*, 173 Fed. Cl. 768, 770 (2024), where the plaintiffs had the opportunity to clarify their claims but "sat on their hands and said they would produce that required evidence another day." The court dismissed the case. *Id.* Ms. Day similarly has elected not to remedy the deficiencies in her complaint despite the government's efforts. Thus, even if Ms. Day had requested the alternative relief of an amendment or more definite statement, that alternative relief would not have been appropriate in this case.

The court here finds dismissal appropriate for a few additional reasons. The dismissal will be without prejudice, meaning that Ms. Day may refile with a complaint that follows the court's rules and the Supreme Court's requirements. The statute of limitations is not approaching; indeed, it is not even clear whether Ms. Day's claims are yet ripe. *See* ECF No. 8 at 1 n.1 (government noting that interim trail use is not authorized until the railroad and the trail sponsor sign a trail use agreement, which had not happened as of the complaint date). So timeliness should not impede Ms. Day's ability to refile. And any attorneys' fees that may become relevant later should not include fees for the government to have to investigate the insufficient allegations in Ms. Day's current complaint.

**B.     Ms. Day's claim under the Uniform Relocation Act is not a basis to maintain the complaint**

In addition to just compensation for a taking, Ms. Day's complaint seeks reimbursement for "costs, disbursement, and expenses" as well as attorneys' fees under the Uniform Relocation Act, 42 U.S.C. § 4654(c). Ms. Day argues that that request is an independent basis to maintain the complaint. ECF No. 9 at 10. But the statutory provision does not create an independent cause of action. Rather, it authorizes reimbursement "as a part of [a] judgment or settlement," only when there has been a "judgment for the plaintiff … awarding compensation for the taking of property by a Federal agency" or a settlement of that claim. 42 U.S.C. § 4654(c); *see* RCFC 54(d)(1)(B), (2)(B) (each requiring a party to file a request for costs and attorney's fees within 30 days "after the date of final judgment"). Under the statute and this court's rules, a plaintiff may raise expense claims only after a judgment in favor of the plaintiff or a settlement. *See, e.g.*, *Banks v. United States*, 171 Fed. Cl. 142 (2024) (after the parties resolved takings litigation, where the plaintiffs accepted an offer of judgment, the plaintiffs were entitled to seek costs under the Uniform Relocation Act). Here, Ms. Day has neither prevailed on her takings claim nor reached any settlement with the government. Thus, Ms. Day cannot prevail on her request for expenses. *Id.*; *see id.* at 150-52.

**III.    Conclusion**

For the reasons stated above, this court **grants** the government's motion to dismiss and **dismisses Ms. Day's complaint without prejudice**. The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

                                              <u>s/ Molly R. Silfen</u>
                                              MOLLY R. SILFEN
                                              Judge